UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACCESS 4 ALL, INC., a Florida not for profit corporation and Felix Esposito, individually,<br>    Plaintiffs,<br><br>Vs.<br><br>GSH LODGING, LLC, a Delaware Limited Liability Company,<br><br>    Defendant. | Civil Action No. 04-12238 (JLT)<br><br>**ANSWER** |

Defendant GSH Lodging, LLC ("GSH"), as and for its Answer and Affirmative Defenses to the Complaint of Plaintiffs Access 4 All, Inc. and Felix Esposito ("Plaintiffs") herein, states and alleges the following by and through its undersigned attorneys:

GSH denies each and every allegation in the Complaint, except only as specifically hereinafter admitted, modified, or otherwise qualified.

1. GSH admits the allegations within paragraph number 1 of the Complaint.

2. GSH admits the allegations within paragraph number 2 of the Complaint.

3. GSH is without knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph number 3 of the Complaint and therefore denies same.

4. GSH is without knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph number 4 of the Complaint and therefore denies same.

5. GSH admits the allegations within paragraph number 5 of the Complaint.

6. GSH admits the enactment of the Americans with Disabilities Act and as to the remaining allegations states that the statute speaks for itself.

7. GSH states as to the allegations within paragraph number 7 of the Complaint that the statute speaks for itself.

8. GSH states as to the allegations within paragraph number 8 of the Complaint that the statute speaks for itself.

9. GSH states as to the allegations within paragraph number 9 of the Complaint that the statute speaks for itself.

10. GSH states as to the allegations within paragraph number 10 of the Complaint that the statute speaks for itself.

11. GSH is without knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph number 11 of the Complaint and therefore denies same. Insofar as Plaintiffs allege that GSH has discriminated against Plaintiffs, GSH denies such allegations.

12. GSH is without knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph number 12 of the Complaint and therefore denies same. Insofar as Plaintiffs allege that GSH has discriminated against Plaintiffs, GSH denies such allegations.

13. GSH denies the allegations within paragraph number 13 of the Complaint.

14. GSH denies the allegations within paragraph number 14 of the Complaint.

15. Paragraph 15 of the Complaint contains conclusions of law to which no response is required, except GSH admits that it owns the referenced property.

16. GSH denies the allegations within paragraph number 16 of the Complaint.

17. GSH is without knowledge or information sufficient to form a belief as to the truth of the allegations within paragraph number 17 of the Complaint and therefore denies same.

18. GSH denies the allegations within paragraph number 18 of the Complaint.

19. GSH denies in part and admits in part the allegations within paragraph number 19 of the Complaint as set forth below:

    a. GSH denies the allegations in paragraph 19(a)(Access to Goods and Services);

BOS1445993.1

    b. GSH denies the allegations in paragraph 19(b)(Access to Goods and Services);

    c. GSH denies the allegations in paragraph 19(a)(Restrooms) as ADAAG Section 4.16.3 does not address toilet flush control.

    d. GSH denies the allegations in paragraph 19(a)(Accessible Guest Rooms).

    e. GSH denies the allegations in paragraph 19(b)(Accessible Guest Rooms).

    f. GSH denies the allegations in paragraph 19(c)(Accessible Guest Rooms).

    g. GSH denies the allegations in paragraph 19(d)(Accessible Guest Rooms).

    h. GSH denies the allegations in paragraph 19(e)(Accessible Guest Rooms).

    i. GSH denies the allegations in paragraph 19(f)(Accessible Guest Rooms).

    j. GSH denies the allegations in paragraph 19(g)(Accessible Guest Rooms).

    k. GSH denies the allegations in paragraph 19(h)(Accessible Guest Rooms).

20. GSH denies the allegations within paragraph number 20 of the Complaint, to the extent that it alleges violations of the ADA.

21. GSH states as to the allegations within paragraph number 21 of the Complaint that the cited regulations speak for themselves.

22. GSH states as to the allegations within paragraph number 22 of the Complaint that the cited regulations speak for themselves.

23. GSH denies the allegations within paragraph number 23 of the Complaint.

24. GSH denies the allegations within paragraph number 24 of the Complaint.

25. GSH denies the allegations within paragraph number 25 of the Complaint.

26. GSH denies the allegations within paragraph number 26 of the Complaint.

27. GSH denies the allegations within paragraph number 27 of the Complaint.

28. GSH states as to the allegations within paragraph number 28 of the Complaint, that the statute speaks for itself.

## AFFIRMATIVE DEFENSES

29.     Plaintiffs' Complaint fails to state a claim against GSH upon which relief may be granted.

30.     GSH reserves its right to raise additional affirmative defenses as discovery proceeds in this case.

WHEREFORE, defendant GSH Lodging, LLC demands that the plaintiffs take nothing herein by their Complaint, that the Complaint herein be dismissed with prejudice against the plaintiffs in favor of the defendant, that the defendant be awarded judgment in its favor against the plaintiffs on and with regard to the Complaint herein, and that the defendant be awarded herein such other and further relief as is just, fair, and equitable, together with its costs and disbursements.

NIXON PEABODY LLP

By _____
David S. Rosenthal (BBO# 429260)
100 Summer Street
Boston, MA  02110-2131
(617) 345-1000

Of Counsel:
MACKALL, CROUNSE & MOORE, PLC

By _____
Timothy J. Grande (#15040X)
Patrick C. Summers (#028841X)
Attorneys for Defendant
GSH Lodging, LLC
1400 AT&T Tower
Minneapolis, MN  55402
(612) 305-1400

Dated:  December 15, 2004

I hereby certify ... the above docu... ... the attorney of ... party by mail/hand... December 15, 2004.

BOS1445993.1