UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CASE NO.: 1:04-cv-12238

## CONSENT DECREE

This Consent Decree is entered into by and between Access 4 All, Inc. "ACCESS", Felix Esposito "ESPOSITO", and GSH Lodging, LLC, "GSH", on the date last executed below.

WHEREAS: GSH's property is known as Courtyard by Marriott and is located at 700 Unicorn Park Drive, Woburn, Massachusetts.

AND WHEREAS: ACCESS and ESPOSITO claim there are architectural barriers existing at GSH'S property that constitute violations of the Americans With Disabilities Act that unlawfully limit the Plaintiffs' use of the property.

AND WHEREAS: GSH does not admit all of the allegations of the Plaintiffs' Complaint, but does recognize that ACCESS and ESPOSITO might prevail and receive some of the relief on the merits of their claim.

THEREFORE, in consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order Approving and Entering the Consent Decree.

1. All alterations, modifications, and policies required by this Consent Decree shall be completed prior to the reinspection date set forth below, unless a different completion date is otherwise stated herein.

2. A final property reinspection conducted by Plaintiff(s) will take place on or after January 15, 2006 to ensure that the modifications to the subject property required below for

barrier removal have been completed. Plaintiffs' counsel, expert(s) and/or representatives shall be provided access to the building to conduct a reinspection and to verify commencement, progress and completion of the work required hereby.

3.  Defendant(s) shall pay Plaintiffs' counsel, Fuller, Fuller and Associates, P.A., for Plaintiffs' attorneys' fees, litigation expenses and costs incurred in this matter, and Plaintiffs' expert(s), for Plaintiffs' expert fees and costs incurred in this matter. The amounts to be paid shall be established by counsel for the parties by separate letter agreement, which is incorporated as part of this Consent Decree. If, however, counsel for the parties are unable to determine the attorneys' fees, including litigation expenses, expert's fees and costs to be paid, the amount to be paid shall be determined by the District Judge or a Magistrate Judge as the Court deems appropriate. If determined by a Magistrate Judge the parties agree that the Magistrate Judge may enter a final judgment pursuant to 28 U.S.C. § 636(c). Upon notifying the Court of the settlement of this action, the parties shall request the Court to refer this matter to the United States Magistrate for determination of the amount of fees, litigation expenses and costs to be awarded. Upon agreement by the parties or determination by the District Judge, Court, or a Magistrate Judge of the attorneys' fees, litigation expenses, expert's fees and costs issue, such fees and costs shall be paid to Plaintiffs' counsel and expert, as the case may be, on or before ten (10) days from the date of such agreement or determination.

4.  When all issues are resolved between the parties, the parties hereby agree and will request the Court to approve and enter the Consent Decree, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of this Decree.

5.  In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorneys' fees, costs and expert fees.

6. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

7. The parties agree that any delays in making the modifications to the property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as GSH makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

8. Upon the Court's approval of this Consent Decree, Plaintiffs hereby release and discharge Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which it has had arising under the Americans With Disabilities Act.

All references to the ADAAG refer to the following:

28 CFR Chapter 1 Part 36, App. A. (7-1-98 edition) – ADAAG

9. The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG. All references to figures in the paragraphs below refer to those that accompany the ADAAG and that more fully describe the considered full compliance with the ADA.

10. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A facsimile copy of any parties signature shall be deemed as legally binding as the original signatures.

11. GSH is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (*See* Sections 44 and 190 of the Internal Revenue Code).

12. GSH agrees that the Courtyard by Marriott is considered new construction under the ADAAG.

13. GSH agrees it will comply with the ADA and the standards as set forth in the ADAAG.

14. GSH agrees to modify the property as follows:

### PARKING

A. THERE SHALL BE AN APPROPRIATE ACCESSIBLE ROUTE FROM THE PARKING SPACES TO THE FACILITY. 4.5.4, 4.5.1, 4.3.2, 4.3.3, 4.3.6, 4.3.7, 4.3.8, 4.6.6, 4.3.9, 4.5, 4.7, 4.8, 4.30, 4.4, 4.6 et seq., 4.1, 4.2, 4.3, Figures 1 - 8.

   i. GSH shall modify the existing accessible parking space which has a 2.8% slope so that its slope does not exceed a slope of 2% in all directions.

   Complete By: December 1, 2005

   ii. GSH agrees to modify the existing passenger area loading/unloading zone so that it is properly marked using signage compliant with section 4.30 of the ADAAG by placing a compliant sign at the entry way.

   Complete By: December 1, 2005

   iii. GSH shall modify the existing access aisle which contains a lip due to frost heave as necessary to provide the proper change in level transition to the adjoining cub cut ramps as required by ADAAG section 4.3.8.

   Complete By: December 1, 2005

4

   iv. GSH agrees to modify the existing curb ramps in order to provide detectable warnings in conformance with ADAAG section 4.7.7.

              Complete By: December 1, 2005

B. ENTRANCES SHALL BE ACCESSIBLE THROUGHOUT THE FACILITY. 4.5, 4.13, 4.14 et seq.

  i. GSH shall modify all of the entry doors throughout the facility to provide the proper required force needed to open the interior doors, as given in ADAAG section 4.13.11.

              Complete By: October 1, 2005

C. GOODS AND SERVICES SHALL BE ACCESSIBLE THROUGHOUT THE FACILITY. 4.2, 4.2.4.1, 4.2.5, Figures 5(a), 6(b)

  i. Except as otherwise provided below, GSH agrees to provide an accessible route of at least 36 inches and clear floor space of at least 30 by 48 inches in front of the goods and/or services being provided at the Defendant's property.

    a. Where access is available to a person using a wheelchair by a forward approach, items shall be reachable at a height not lower than 15 inches or higher than 48 inches.

    b. If access is available by a side reach, items shall be reachable at a height not lower than 9 inches or higher than 54 inches.

  ii. Where it is not feasible for GSH to provide goods and services at the height ranges set forth herein, GSH shall place as possible food items, condiments or operating mechanisms within the reach ranges. GSH shall also provide signage stating that assistance is available upon request.

              Complete By: October 1, 2005

### PUBLIC RESTROOMS

D. GSH'S PUBLIC RESTROOMS SHALL BE ACCESSIBLE TO THE DISABLED. 4.13.5, 4.13.6, 4.13.7, 4.13., 4.27, 4.19.2, Figure 31,, 4.17.6, 4.23.4, 4.19.4, 4.2.5, 4.18, 4.23.5, 4.23.6, 4.19.6, Figure 38, 4.17.3, 4.17.5, 4.16, Figure 28 and 29a, Figure 29b, 4.17, et seq., 4.18, et seq., 4.19, et seq., Figures 30, 31, 32, 4.26, et seq.

  i.  GSH shall modify the arrangement of the toilet provided in the accessible stall located in the Women's public restroom located on the first floor so that the centerline of the toilet is 18 inches (rather than the current 19 inches) from the side wall, the proper distance from the side wall, as noted in section 4.17.3 of the ADAAG.

    Complete By: December 1, 2005

  ii.  GSH shall modify the stall door as needed located in the Men's public restroom located in the lower lobby so that it closes at the proper speed from the open position of 70 degrees.

    Complete By: October 1, 2005

  iii.  GSH agrees to provide signage on the latch side of the entry door to the Women's public restroom located on the first floor as required by ADAAG sections 4.1.3(16)(a) and 4.30.

    Complete By: October 1, 2005

  iv.  GSH shall modify the opening force on all of the public restroom doors so that they meet the force requirements given in ADAAG section 4.13.11.

    Complete By: October 1, 2005

## SIGNAGE

E. GSH SHALL PROVIDE SIGNS THROUGHOUT THE FACILITY ADVISING THE DISABLED OF THE ACCESSIBLE ELEMENTS OF THE FACILITY.

  i. GSH shall provide an ADA compliant sign located at the front entry noting it is a handicapped accessible route and ADA compliant signs in the bar and marketplace areas noting that assistance is available upon request.

    Complete By: October 1, 2005

F. GSH GUEST ROOMS' SHALL BE ACCESSIBLE TO THE DISABLED.

  9.1, et seq. 4.29 and 4.28 et seq.

6

i. GSH agrees to make modifications to the restrooms in the disabled guest rooms as follows:

ii. Room 007: Lower the mirror so the bottom edge of the reflecting surface is no higher than 40 inches above the finish floor, rather than current 43 inches.

iii. Room 007: Lower the mirror so the bottom edge of the reflecting surface is no higher than 40 inches above the finish floor, rather than current 43 inches.

iv. GSH agrees that if any major modifications are made by GSH to the currently existing bathrooms in accessible guestrooms at the property that the controls in bathrooms in all accessible guestrooms shall be modified to meet the requirements of the ADAAG, Section 4.20.05 and Figure 34, within the standard building tolerances for Woburn at the time of such modification(s).

                 Continual Obligation

v. GSH shall modify the doors to the accessible guest rooms to ensure that it takes no more than 12 lbf to open.

                 Complete By: October 1, 2005

vi. Room 003: GSH agrees that if any major modifications are made by GSH to the currently existing accessible guestroom that the spa/Jacuzzi shall be modified to meet the requirements of the ADAAG, 28 CFR Part 36.202(b), within the standard building tolerances for Woburn at the time such modification(s).

                 Continual Obligation

D. OTHER

i. GSH agrees to modify the lamp in the business area so that the lamp no longer has a switch requiring a tight grasping, pinching or twisting of the wrist to operate.

                 Complete By: October 1, 2005

ii. GSH shall provide at least one table in the lounge and balconies area that provides the proper knee clearance requirements set forth in section 4.32.3 of the ADAAG.

                 Complete By: October 1, 2005

7

   iii. At the bar area, GSH shall place signage indicating that table service is available upon request.

              Complete By: October 1, 2005

   iv. GSH agrees that if any major modifications are made by GSH to the currently existing hi/low water fountain located between the Men's and Women's restroom in the lower lobby that these water fountains will be modified to meet the requirements of the ADAAG, within the standard building tolerances for Woburn at the time of modification(s).

              Continual Obligation

   v. GSH shall take steps to ensure that fire alarm located in the meeting room is not obstructed from view.

              Complete By: October 1, 2005

   vi. GSH shall provide upon request the following items in alternative formats so that blind persons and persons with low visions can read them. Alternate formats include Braille, large print, or audio recordings.

     a. Fire-safety information

     b. maximum room rate information

     c. telephone and television information cards

     d. guest services guides

     e. restaurant menus

     f. room service menus and all other printed materials provided for use by guests.

              Complete By: October 1, 2005

E. **RECREATION AREAS**

   i. GSH agrees to provide signage to notify those persons requiring assistance that a pool lift is available upon request.

              Complete By: October 1, 2005

   ii. GSH agrees to provide a lowered shower head in the pool/Jacuzzi area that is located within the reach ranges of

8

a person using a wheelchair, and train staff members to always leave the shower head in the lowered position.

Continual Obligation

iii. GSH shall modify the existing timer and emergency shut off switch for the Jacuzzi so that it no longer requires a twisting of the wrist to operate.

Complete By: October 1, 2005

F. POLICIES AND PROCEDURES

i. GSH shall teach appropriate staff about using the TTY, keeping a clear accessible route around tables, beds and to and from elevators.

Continual Obligation

ii. GSH shall include a procedure in employee training as well as information about assorted services provided to people with disabilities and how to use them per § 36.302 of the ADAAG.

Continual Obligation

SIGNATURES:

Parties:

PLAINTIFFS:

By: _____   Date: 07-19-05
Access 4 All, Inc.

By: _____   Date: July-19-05
Felix Esposito

DEFENDANT:

By: _____   Date: July 26, 2005
GSH LODGING, LLC

PCS/pcs#749942v1

9